# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–233

| | | |
|---|---|---|
| | | **Opinion Delivered** January 15, 2014 |
| BRIAN ROBERT HILL | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. G-CR-2012-6] |
| V. | | |
| | | HONORABLE STEPHEN TABOR, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBIN F. WYNNE, Judge**

Brian Robert Hill appeals from his conviction on a charge of sexual assault in the second degree. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court and Court of Appeals Rule 4–3(k), his counsel has filed a motion to withdraw accompanied by a no-merit brief. We affirm and grant the motion to withdraw.

On February 21, 2012, appellant was charged with one count of sexual assault in the second degree. Prior to trial, the State filed a motion in limine in which it stated that it intended to have the victim testify at trial as to additional incidents of sexual assault committed by appellant in Mississippi and sought to have the testimony declared admissible. In the motion, the State alleged that the testimony was admissible under Arkansas Rule of Evidence 404(b) to prove motive, intent, plan, and lack of mistake on the part of the defendant. The

State also alleged that the testimony was admissible under the pedophile exception to Rule 404(b).

At the time of the alleged incident, C.H., the victim, lived with her mother, appellant, who was her stepfather, and her siblings in Mississippi. C.H., who was fourteen years old at the time of trial, testified that in July 2011, while she and her family were staying at her aunt's home in Greenwood, Arkansas, appellant asked her to rub his penis. After she refused, he put her hand on his penis and rubbed for "a minute or two." C.H. also testified that there were approximately thirty additional incidents that occurred in Mississippi when appellant made her rub his penis and perform oral sex on him. Appellant did not object to the testimony.

After the close of the State's evidence, appellant made a general motion for directed verdict, which was denied. Appellant testified that he was forty-five years old. He denied ever having sexual contact with C.H. Appellant rested without renewing his motion for directed verdict.

The jury found appellant guilty of sexual assault in the second degree. The trial court sentenced him to 240 months' imprisonment. This appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1) (2013). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* The abstract and addendum of the brief shall contain, in addition to the other

material parts of the record, all rulings adverse to the defendant made by the circuit court. *Id.* Appellant was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Rule 4–3(k)(2). Appellant did not file pro se points for reversal.

Counsel argues in the brief that there would be no merit to a challenge to the sufficiency of the evidence to support the jury's verdict because any such challenge would not be preserved. Arkansas Rule of Criminal Procedure 33.1 requires that a defendant make a specific motion for directed verdict in which the defendant states the respects in which the evidence is deficient. In this case, appellant made a general motion for directed verdict that was insufficient to preserve the issue for review. Rule 33.1 also requires a defendant in a trial before a jury to make a motion for directed verdict at the close of the State's case and to renew the motion at the close of all of the evidence. Appellant failed to properly renew his motion at the close of the evidence. We agree with counsel that any challenge to the sufficiency of the evidence to support the jury's verdict would not be preserved.

The only other ruling identified by counsel as being arguably adverse to appellant was C.H.'s testimony regarding the alleged incidents in Mississippi, which constitutes an implicit grant of the State's motion in limine by the trial court. As counsel points out, appellant never objected to the testimony, nor does the record contain any indication that appellant opposed the motion in limine. In order to preserve an evidentiary challenge for appellate review, a party must object at the first opportunity. *Fields v. State*, 81 Ark. App. 351, 101 S.W.3d 849

(2003). We agree with counsel's assertion that appellant would be barred from arguing on appeal that the trial court erred by allowing the testimony.

We hold that counsel has complied with the requirements of Rule 4–3(k). The trial court's sentencing order is affirmed, and the motion to withdraw as counsel is granted.

Affirmed; motion to withdraw as counsel granted.

HIXSON and BROWN, JJ., agree.

*Kent McLemore*, for appellant.

No response.